# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MOTOROLA MOBILITY, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No. _____** |
| ) | |
| **MICROSOFT CORPORATION,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Motorola Mobility, Inc. ("Motorola Mobility"), for its complaint against Defendant Microsoft Corporation ("Microsoft"), avers as follows:

### NATURE OF THE ACTION

1.    This is an action brought by Motorola Mobility against Microsoft for Microsoft's infringement of Motorola Mobility's patents.   In particular, Motorola Mobility seeks remedies for Microsoft's infringement of Motorola Mobility's U.S. Patents Nos. 5,502,839 (the "'839 Patent"); 5,764,899 (the "'899 Patent"); 5,784,001 (the "'001 Patent"); 6,272,333 (the "'333 Patent"); 6,408,176 (the "'176 Patent"); 6,757,544 (the "'544" Patent); and 6,983,370 (the "'370 Patent") (collectively, "the Asserted Patents").

25661832_3

## THE PARTIES

2.      Motorola Mobility is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  Motorola Mobility is a wholly-owned subsidiary of Motorola, Inc.  Motorola Mobility is the assignee of all right, title, and interest in and to the Asserted Patents, including the right to sue for past infringement.

3.      On information and belief, Microsoft is a corporation organized and existing under the laws of the State of Washington having its principal place of business at One Microsoft Way, Redmond, Washington 98052.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).   On information and belief, Microsoft has transacted business in this Judicial District, and has committed and/or induced acts of patent infringement in this Judicial District.

6.      Microsoft is subject to this Court's specific and general personal jurisdiction consistent with due process and the Florida Long Arm Statute, Fla. Stat. § 48.193.  On information and belief, Microsoft has committed tortious acts within the State of Florida and the causes of action herein arise from those acts.  On information and belief, Microsoft develops, manufactures and/or assembles products (directly or indirectly through third-parties), including infringing products, that are and have been

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

offered for sale, sold, purchased, and used in this Judicial District.  On information and belief, Microsoft, directly and/or through its distribution network, places infringing products within the stream of commerce, with the knowledge and/or understanding that such infringing products will be sold and/or used in this Judicial District.  On information and belief, Microsoft also has operated, conducted, engaged in, or carried on a business or business venture in Florida and this Judicial District or has an office or agency in Florida and this Judicial District.  On information and belief, Microsoft also has engaged in substantial and not isolated activity in Florida and this Judicial District, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Florida and this Judicial District.  Microsoft also has a registered agent in Florida for the purposes of, *inter alia*, accepting service of process and thus it lacks any objection to this Court's exercise of personal jurisdiction.

## THE ASSERTED PATENTS

7.      United States Patent No. 5,502,839, titled "Object-Oriented Software Architecture Supporting Input/Output Device Independence," which issued on March 26, 1996, names Frank C. Kolnick as inventor.  Motorola Mobility is the owner by assignment of all right, title and interest in and to the '839 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '839 Patent is attached as Exhibit A.

8.      United States Patent No. 5,764,899, titled "Method And Apparatus For Communicating An Optimized Reply," which issued on June 9, 1998, names Gene Eggleston, Mitch Hansen, and Anthony Rzany as inventors.  Motorola Mobility is the

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

owner by assignment of all right, title and interest in and to the '899 Patent, including the right to sue for past infringement thereof.  A true and correct copy of the '899 Patent is attached hereto as Exhibit B.

9.      United States Patent No. 5,784,001, titled "Method And Apparatus For Presenting Graphic Messages In A Data Communication Receiver," which issued on July 21, 1998, names Joan Deluca, Douglas Kraul, and Charles Edward Batey, Jr. as inventors.  Motorola Mobility is the owner by assignment of all right, title and interest in and to the '001 Patent, including the right to sue for past infringement thereof.  A true and correct copy of the '001 Patent is attached hereto as Exhibit C.

10.      United States Patent No. 6,272,333, titled "Method And Apparatus In A Wireless Communication System For Controlling A Delivery Of Data," which issued on August 7, 2001, names Dwight Randall Smith as inventor.  Motorola Mobility is the owner by assignment of all right, title and interest in and to the '333 Patent, including the right to sue for past infringement thereof.  A true and correct copy of the '333 Patent is attached hereto as Exhibit D.

11.      United States Patent No. 6,408,176, titled "Method And Apparatus For Initiating A Communication In A Communication System," which issued on June 18, 2002, names Kamala D. Urs as inventor.  Motorola Mobility is the owner by assignment of all right, title and interest in and to the '176 Patent, including the right to sue for past infringement thereof.  A true and correct copy of the '176 Patent is attached hereto as Exhibit E.

12.      United States Patent No. 6,757,544, titled "System And Method For Determining A Location Relevant To A Communication Device And/Or Its Associated

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

User," which issued on June 29, 2004, names Jayanthi Rangarajan, David Ladd, Senaka Balasuriya, and Curtis Tuckey as inventors.   Motorola Mobility is the owner by assignment of all right, title and interest in and to the '544 Patent, including the right to sue for past infringement thereof.  A true and correct copy of the '544 Patent is attached hereto as Exhibit F.

13.     United States Patent No. 6,983,370, titled "System For Providing Continuity Between Messaging Clients And Method Therefor," which issued on January 3, 2006, names Eric Thomas Eaton, David Jeffery Hayes, and Von Alan Mock as inventors.  Motorola Mobility is the owner by assignment of all right, title and interest in and to the '370 Patent, including the right to sue for past infringement thereof.  A true and correct copy of the '370 Patent is attached hereto as Exhibit G.

**CLAIM ONE**
**(Infringement of U.S. Patent No. 5,502,839)**

14.     Motorola Mobility incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-13.

15.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '839 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to, making, using, offering to sell, selling and/or importing products, such as operating systems, office software, server software, and/or communications and messaging software, including, *e.g.*, Windows 7, Windows Vista and Windows Phone 7;

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

and/or by inducing others to use the claimed devices/computers and/or to practice the claimed interfaces.

16.     On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://technet.microsoft.com, http://support.microsoft.com, and http://msdn.microsoft.com) instruct customers how to use these products in accordance with one or more of the asserted claims of the '839 Patent.

17.     Microsoft's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

18.     Motorola Mobility has been and continues to be damaged by Microsoft's infringement of the '839 Patent in an amount to be determined at trial.

19.     On information and belief, Microsoft's infringement of the '839 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

20.     On information and belief, Microsoft's infringement of the '839 Patent is exceptional and entitles Motorola Mobility to an award of its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM TWO
### (Infringement of U.S. Patent No. 5,764,899)

21.     Motorola Mobility incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-13.

22.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of and/or contributorily infringe, one or more claims of the '899 Patent, pursuant to

35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to, making, using, offering to sell, selling and/or importing products, such as operating systems, office software, server software, and/or communications and messaging software, including, *e.g.*, Microsoft Exchange Server 2003, Microsoft Exchange Server 2003 SP1, Microsoft Exchange Server 2003 SP2, Microsoft Exchange Server 2003 post-SP2, Microsoft Exchange Server 2007, Microsoft Exchange Server 2007 SP1, Microsoft Exchange Server 2007 SP2, Microsoft Exchange Server 2010, and Microsoft Exchange Server 2010 SP1; and/or by inducing others to use the claimed systems and/or to practice the claimed methods.

23.    On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://technet.microsoft.com, http://support.microsoft.com, and http://msdn.microsoft.com) instruct customers how to use these products in accordance with one or more of the asserted claims of the '899 Patent.

24.    Microsoft's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

25.    Motorola Mobility has been and continues to be damaged by Microsoft's infringement of the '899 Patent in an amount to be determined at trial.

26.    On information and belief, Microsoft's infringement of the '899 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

27.    On information and belief, Microsoft's infringement of the '899 Patent is exceptional and entitles Motorola Mobility to an award of its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### CLAIM THREE
**(Infringement of U.S. Patent No. 5,784,001)**

28.    Motorola Mobility incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-13.

29.    On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of and/or contributorily infringe, one or more claims of the '001 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including but not limited to making, using, offering to sell, selling and/or importing products, such as operating systems, office software, server software, and/or communications and messaging software, including, *e.g.*, Windows Live Messenger 2011; and/or by inducing others to use the claimed receivers and/or to practice the claimed methods.

30.    On information and belief, instructional materials produced by Microsoft (*e.g.*, Windows Live Messenger Help Center) instruct customers how to use these products in accordance with one or more of the asserted claims of the '001 Patent.

31.    Microsoft's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

32.    Motorola Mobility has been and continues to be damaged by Microsoft's infringement of the '001 Patent in an amount to be determined at trial.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

33.     On information and belief, Microsoft's infringement of the '001 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

34.     On information and belief, Microsoft's infringement of the '001 Patent is exceptional and entitles Motorola Mobility to an award of its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM FOUR
### (Infringement of U.S. Patent No. 6,272,333)

35.     Motorola Mobility incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-13.

36.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of and/or contributorily infringe, one or more claims of the '333 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including but not limited to making, using, offering to sell, selling and/or importing products, such as operating systems, office software, server software, and/or communications and messaging software, including, *e.g.*, Windows Phone 7 and Windows Mobile 6.5; and/or by inducing others to use the claimed subscriber units and/or controllers, and/or to practice the claimed methods.

37.     On information and belief, instructional materials produced by Microsoft (*e.g.*, Help and How-To for Windows Phone 7) instruct customers how to use these products in accordance with one or more of the asserted claims of the '333 Patent.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

38.     Microsoft's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

39.     Motorola Mobility has been and continues to be damaged by Microsoft's infringement of the '333 Patent in an amount to be determined at trial.

40.     On information and belief, Microsoft's infringement of the '333 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

41.     On information and belief, Microsoft's infringement of the '333 Patent is exceptional and entitles Motorola Mobility to an award of its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM FIVE
### (Infringement of U.S. Patent No. 6,408,176)

42.     Motorola Mobility incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-13.

43.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of and/or contributorily infringe, one or more claims of the '176 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including but not limited to making, using, offering to sell, selling and/or importing products, such as operating systems, office software, server software, and/or communications and messaging software, including, *e.g.*, Microsoft Exchange Server 2010 with Unified

Messaging; and/or by inducing others to use the claimed systems and/or to practice the claimed methods.

44.     On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://technet.microsoft.com) instruct customers how to use these products in accordance with one or more of the asserted claims of the '176 Patent.

45.     Microsoft's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

46.     Motorola Mobility has been and continues to be damaged by Microsoft's infringement of the '176 Patent in an amount to be determined at trial.

47.     On information and belief, Microsoft's infringement of the '176 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

48.     On information and belief, Microsoft's infringement of the '176 Patent is exceptional and entitles Motorola Mobility to an award of its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM SIX
### (Infringement of U.S. Patent No. 6,757,544)

49.     Motorola Mobility incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-13.

50.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of and/or contributorily infringe, one or more claims of the '544 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

Judicial District and elsewhere in the United States, by their activities, including but not limited to making, using, offering to sell, selling and/or importing products, such as operating systems, office software, server software, and/or communications and messaging software, including, *e.g.*, Bing Maps used with, for example, mobile phones (*e.g.*, Windows Phone 7 devices); and/or by inducing others to use the claimed systems and/or programs, and/or to practice the claimed methods.

51.     On information and belief, instructional materials produced by Microsoft (*e.g.*, Help and How-To for Windows Phone 7) instruct customers how to use these products in accordance with one or more of the asserted claims of the '544 Patent.

52.     Microsoft's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

53.     Motorola Mobility has been and continues to be damaged by Microsoft's infringement of the '544 Patent in an amount to be determined at trial.

54.     On information and belief, Microsoft's infringement of the '544 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

55.     On information and belief, Microsoft's infringement of the '544 Patent is exceptional and entitles Motorola Mobility to an award of its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM SEVEN
### (Infringement of U.S. Patent No. 6,983,370)

56.     Motorola Mobility incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-13.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

57.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of and/or contributorily infringe, one or more claims of the '370 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including but not limited to making, using, offering to sell, selling and/or importing products, such as operating systems, office software, server software, and/or communications and messaging software, including, *e.g.*, Windows Live Messenger 2011 and Windows Live Hotmail; and/or by inducing others to use the claimed systems and/or to practice the claimed methods.

58.     On information and belief, instructional materials produced by Microsoft (*e.g.*, Windows Live Messenger Help Center) instruct customers how to use these products in accordance with one or more of the asserted claims of the '370 Patent.

59.     Microsoft's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

60.     Motorola Mobility has been and continues to be damaged by Microsoft's infringement of the '370 Patent in an amount to be determined at trial.

61.     On information and belief, Microsoft's infringement of the '370 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

62.    On information and belief, Microsoft's infringement of the '370 Patent is exceptional and entitles Motorola Mobility to an award of its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR TRIAL BY JURY

Motorola Mobility demands a trial by jury of all claims and all issues triable by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Motorola Mobility respectfully requests that the Court enter a judgment:

a.    Adjudging that Microsoft has infringed one or more claims of each of the Asserted Patents;

b.    Permanently enjoining Microsoft and its directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing from further acts of infringement, contributory infringement and inducement of infringement of the Asserted Patents;

c.    Awarding Motorola Mobility damages adequate to compensate it for Microsoft's infringement of the Asserted Patents including pre-judgment and post-judgment interest at the maximum rate permitted by law;

d.    Adjudging that Microsoft's infringement of each of the Asserted Patents is willful and deliberate and, therefore, that Motorola Mobility is entitled to treble damages as provided by 35 U.S.C. § 284;

e.    Adjudging that Microsoft's infringement of the Asserted Patents is willful and deliberate, and, therefore, that this is an exceptional case entitling Motorola

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

Mobility to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

       f.     Awarding to Motorola Mobility such other and further relief as this Court deems proper and just.

November 10, 2010

Respectfully submitted,

s/Edward M. Mullins
Edward M. Mullins, Fla. Bar No. 863920
emullins@astidavis.com
Hal M. Lucas, Fla. Bar No. 0853011
hlucas@astidavis.com
Astigarraga Davis Mullins
& Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, FL 33131
Tel.: (305) 372-8282; Fax. (305) 372-8202

Attorneys for Plaintiff,
MOTOROLA MOBILITY, INC.

*Of Counsel:*

Jesse J. Jenner*
Steven Pepe*
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

Norman H. Beamer*
Mark D. Rowland*
Gabrielle E. Higgins*
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

* Pro hac vice to be filed