The Honorable James L. Robart

1
2
3
4
5
6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

MOTOROLA MOBILITY, INC.,

9                                    Plaintiff,

10              v.

11   MICROSOFT CORPORATION,

12                                    Defendant.

13

CASE NO. C11-01408-JLR

JOINT STATUS REPORT

14

15          Plaintiff Motorola Mobility, Inc. ("Motorola Mobility") and Defendant Microsoft

16   Corporation ("Microsoft"), by and through their counsel below, hereby submit this Joint Status

17   Report and proposed Discovery Plan pursuant to Rules 16 and 26(f) of the Federal Rules of Civil

18   Procedure, Rules 16 and 26 of the Local Civil Rules for the Western District of Washington, the

19   Court's Standing Order for Patent Cases and the Court's Order dated September 29, 2011 (ECF

20   No. 306).

21          1.      Statement of the Case:  On November 10, 2010, Motorola Mobility filed a

22   complaint in the Southern District of Florida, asserting seven (7) patents against Microsoft:  U.S.

23   Patent Nos. 5,502,839 (the "'839 patent"), 5,764,899 (the "'899 patent"), 5,784,001 (the "'001

24   patent"), 6,272, 333 (the "'333 patent"), 6,408,176 (the "'176 patent"), 6,757,544 (the "'544

25   patent") and 6,983,370 (the "'370 patent").  Motorola Mobility asserts that certain Microsoft

26   products including Windows 7, Windows Vista and Windows Phone 7 infringe the '839 patent;

     that various versions of Microsoft Exchange Server infringe the '899 patent; that Windows Live

JOINT STATUS REPORT - 1
CASE NO. C11-01408-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1  Messenger 2011 infringes the '001 patent; that Windows Phone 7 and Windows Mobile 6.5

2  infringe the '333 patent; that certain Microsoft products including Microsoft Exchange Server

3  2010 with Unified Messaging, Lync Server 2010, Lync 2010 and Outlook 2010 infringe the '176

4  patent; that Bing Maps and Bing Local used with Windows Phone 7 and other mobile phone

5  devices infringe the '544 patent; and that certain Microsoft products including Lync Server 2010

6  and Lync 2010 infringe the '370 patent.  Motorola Mobility seeks permanent injunctive relief as

7  well as damages for the alleged infringement.

8      On December 23, 2010, Microsoft answered the complaint and counterclaimed, asserting

9  seven (7) patents against Motorola Mobility:  U.S. Patent Nos. 6,791,536 (the "'536 patent"),

10  6,897,853 (the "'853 patent"), 7,024,214 (the "'214 patent"), 7,493,130 (the "'130 patent"),

11  7,383,460 (the "'460 patent"), 6.897,904 (the "'904 patent"), and 6,785,901 (the "'901 patent").

12  Microsoft asserts that certain Motorola Mobility Android-based smartphones infringe the '536,

13  '853, '214, '130, and '460 patents, and that certain Motorola Mobility set-top boxes containing

14  DVR functionality infringe the '904 and '901 patents.  Microsoft seeks permanent injunctive relief

15  as well as damages for the alleged infringement.  On January 18, 2011, Motorola Mobility

16  answered Microsoft's counterclaims, and on January 31, 2011, Motorola Mobility filed an

17  Amended Answer to Microsoft's counterclaims.

18      On January 21, 2011, the District Court for the Southern District of Florida *sua sponte*

19  issued an order setting trial for a two-week period commencing on October 24, 2011.[1]  Discovery

20  was ordered to be completed by July 7, 2011.

21      On May 19, 2011, Microsoft moved to transfer to the Western District of Washington

22  pursuant to 28 U.S.C. § 1404.  Prior to a decision on Microsoft's motion to transfer, the parties

---

[1] It is Microsoft's position that although the case had been placed on the court's calendar call for this two-week period (a routine practice in the Southern District of Florida), the trial date was not definitively set.  The ultimate scheduling of the trial would have depended upon the number of other trials that were set for the same two-week period, and the progress and length of those trials.  Moreover, as discussed below, given the size and complexity of this case, on August 10, 2011, Microsoft filed a motion requesting the court to enter a specially set trial date.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

exchanged initial expert reports on June 24, 2011, and filed claim construction briefs, summary judgment motions and pre-trial submissions on July 21, 2011.

On August 10, 2011, Microsoft filed a Motion for a Specially Set Trial Date, which the Florida Court treated as a Motion to Continue Deadlines and, on August 15, 2011, issued an order continuing trial from October 24, 2011 to March 12, 2012, and also continuing pretrial deadlines, some of which had passed pursuant to the court's prior scheduling order.[2]

On August 17, 2011, the District Court for the Southern District of Florida granted Microsoft's motion to transfer the case to the Western District of Washington.

On August 25, 2011, the case was assigned to U.S. Magistrate Judge Mary Alice Theiler. On September 1, 2011, the case was reassigned to the Honorable James L. Robart.

2.     ADR Method:  The parties believe that a party-appointed mediator as described in Local Rule 39.1(b)(3) should be the initial method of alternative dispute resolution.  The parties note that they are involved as parties in a number of other actions in this and other forums, some of which also require the parties to participate in ADR proceedings.  The parties have retained retired Magistrate Judge Edward Infante of the San Francisco office of JAMS to mediate the disputes between the parties.

3.     ADR Timing:  The parties met previously with Magistrate Judge Infante on July 12, 2011, and on August 8, 2011 to discuss potential resolution of all pending litigation between the parties.  The parties were not able to reach a settlement.

4.     Deadline for Joining Additional Parties:  The previous deadline to join additional parties of January 31, 2011 has already passed.

---

[2] For example, the August 15, 2011 Order, continued the deadlines for Motions *in Limine, Daubert* motions and summary judgment motions, despite the fact that the parties had already filed such motions.  The August 15, 2011 order continued the discovery cutoff until November 4, 2011.

JOINT STATUS REPORT - 3
CASE NO. C11-01408-JLR

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

5.     <u>Discovery</u>:

A.     <u>Motorola's Position</u>

The Florida Court's August 15, 2011 Order resetting the discovery deadline from July 7, 2011 to November 4, 2011, extended the discovery period to allow for additional discovery.  The Court expressly acknowledged and relied on this four month extension of the discovery period in its August 17, 2011 Order Granting Motion To Transfer (ECF No. 211, at 3-4, n.4).

Motorola believes additional discovery is needed to address document authentication and certain outstanding discovery requests, including supplemental production of source code and damages documents from Microsoft, and related depositions.  Consistent with the continued discovery period set by the Florida Court prior to transfer, Motorola anticipates that this discovery can be completed within four (4) months.

<u>Microsoft's Position</u>

Microsoft's position is that discovery was  completed on July 7, 2011 pursuant to the previously-established court deadline.  The parties took 81 depositions and submitted 61 expert reports.  Motions *in limine,* summary judgment motions, and *Daubert*  motions have already been filed.  Microsoft believes that the various pretrial deadlines in the August 15, 2011 Order were automatically-generated dates, and were not intended to re-set deadlines that had already passed – e.g., that the Court did not intend to set a new deadline for the filing of dispositive motions when the parties had already filed and substantially completed briefing with respect to such motions.  Thus, Microsoft does not believe that the Florida Judge who issued the August 15, 2011 Order intended to re-open discovery, when discovery had already been closed for more than one month at the time the Order was issued.  At this point, Microsoft believes that the parties should confer regarding whether there is a need for additional discovery after the Court issues its *Markman* ruling.  To the extent the parties cannot agree on whether additional discovery ought to be permitted at that time, the requesting party should file with the Court a motion for leave to take additional discovery.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    B.    Pursuant to this Court's Order dated September 29, 2011 (ECF No. 306), the

2    parties conducted FRCP 26(f) conferences on November 14 and 21, 2011.

3    C.    What changes should be made in the limitations on discovery imposed under the

4    Federal and Local Civil Rules, and what other limitations should be imposed:

5    The parties' positions are set forth above in Paragraph 5A.

6    D.    A statement of how discovery will be managed so as to minimize expense (*e.g.,* by

7    foregoing or limited depositions, exchanging documents informally, etc.):

8    The parties' positions are set forth above in Paragraph 5A.

9    E.    Any other orders that should be entered by the Court under FRCP 26(c) or under

10   Local Rule CR 16(b) and (c):

11   A protective order was previously entered in this matter on May 17, 2011 (ECF No. 54).

12   6.    Other Issues:

13   **Claim Construction, Discovery and Trial Schedule:**

14   The parties' respective proposals for interim deadlines, including a claim construction

15   schedule (which, except as otherwise noted, is generally in accord with the timeline set forth in the

16   Court's Standing Order for Patent Cases ("Standing Order")) appears in the table and paragraphs

17   below.

18   This is a fourteen (14) patent case in which the parties collectively assert over 140 patent

19   claims.  While the case was pending in the Southern District of Florida, the parties previously

20   conferred and worked diligently to reduce the number of claim terms for construction to 25 per

21   party, excluding the addition of means-plus-function terms.  This Court's Standing Order has

22   limitations on claim construction that are exceeded by the claim construction proceedings that

23   took place in Florida.  The parties also acknowledge that the briefs filed in the Southern District of

24   Florida do not comply with local practice and the Local Rules of this District.

25

26

JOINT STATUS REPORT - 5
CASE NO. C11-01408-JLR

1  Motorola's position:

2      Motorola suggests that the parties further reduce the number of claim terms for

3  construction from 25 per party, exclusive of means-plus-function terms, to 20 per party, inclusive

4  of means-plus-function terms, subject to the Court's approval.  This would reduce the overall

5  number of claim terms for construction from a total of 64 to a maximum of 40 terms.

6      In addition, Motorola suggests that the parties submit versions of their opening and

7  responsive claim construction briefs that omit those portions of the briefs that correspond to the

8  claim terms withdrawn pursuant to the preceding paragraph.  In the alternative, Motorola suggests

9  that the parties redact the previously-submitted briefs as appropriate to eliminate the portions that

10  correspond to the claim terms withdrawn.

11  Microsoft's position:

12      Microsoft suggests that, subject to the Court's approval, the parties submit to this Court 25

13  claim terms per side, plus means-plus-function terms – a number of terms which the parties

14  previously agreed upon and for which briefing is already complete.  Microsoft respectfully

15  suggests that presenting the previously-agreed upon claim terms at the *Markman* hearing and

16  utilizing the briefs the parties previously filed in Florida would be most efficient and most likely

17  to narrow the issues and number of asserted claims.[3]

18      Given that there are 14 patents at issue in this litigation, the parties each believe that the

19  number of claim terms they propose is reasonable, and seek leave to present this number of claim

20  terms for construction at the *Markman* hearing.  The parties will identify these claim terms for

21  construction in a Joint Claim Construction and Prehearing Statement to be filed in accordance

22  with the Standing Order.

23      While the case was pending in the Southern District of Florida, the parties completed claim

24  construction briefing.  The parties filed opening claim construction briefs each of 95 pages, and

25

26

---

[3] Severely curtailing the parties' previously agreed-upon limitation as Motorola suggests would have a disproportionate negative impact on Microsoft because Microsoft is asserting more means-plus-function claim terms for construction than Motorola.

JOINT STATUS REPORT - 6
CASE NO. C11-01408-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

responsive claim construction briefs each of 50 pages.  Accordingly, in order to rely on these

previously-filed briefs, the parties request leave of this Court to submit briefs in excess of 24

pages. If Microsoft's proposed limit of 25 claim terms per party is accepted, no modification of

the briefing will be required.

PARTIES' RESPECTIVE SCHEDULING PROPOSALS

| EVENT | MICROSOFT'S PROPOSED DATES | MOTOROLA'S PROPOSED DATES |
|---|---|---|
| Preliminary Infringement Contentions & Disclosure of Asserted Claims | Completed, should not be required | |
| Disclosure of Preliminary Invalidity & Non-Infringement Contentions – Local Patent Rule 121 | Completed, should not be required | |
| Expert Witness Report on Markman Hearing (if necessary) | Neither party will rely on experts at *Markman* | |
| Rebuttal Expert Witness Report on Markman Hearing (if necessary) | Neither party will rely on experts at *Markman* | |
| Preliminary Claim Chart | Completed, should not be required | |
| Joint Claim Chart and Prehearing Statement | April 24, 2012 | February 1, **2012** |
| Opening Markman Briefs (100 pages per side) | Briefs already filed | February 15, **2012** (file either versions of the briefs omitting portions that correspond to claim terms no longer submitted for construction or redacted versions of opening and responsive briefs) |
| Response Markman Briefs (50 pages per side) | Briefs already filed | |
| Markman Hearing | June 19-20, 2012 or as soon thereafter as convenient for the Court | April 17-18, **2012** or as soon thereafter as convenient for the Court |
| Completion of Fact Discovery | Already complete* | April 30, **2012** |

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

| EVENT | MICROSOFT'S PROPOSED DATES | MOTOROLA'S PROPOSED DATES |
|---|---|---|
| Deadline to Exchange Opening Expert Reports for which party bears burden of proof | Already exchanged* | |
| Deadline to Exchange Rebuttal Expert Reports | Already exchanged* | |
| Deadline to File Dispositive Motions | Already filed** | |
| Pre-trial Order | (See discussion of trial date below) | July 23, **2012** |
| TRIAL | This case should not be set for trial before any previously-filed or previously-transferred case. | August 20, **2012** or as soon thereafter as convenient for the Court |

* If the Court allows the 4 month supplemental discovery period requested by Motorola, the parties agree to meet and confer to discuss whether supplementation of expert reports is appropriate.  To the extent the parties cannot agree, either party may file a motion for leave to supplement.  The parties also agree to meet and confer after the Court issues its *Markman* ruling to determine if any supplementation of discovery, expert reports, or dispositive motions is required in light of that ruling.  To the extent the parties cannot agree, either party reserves the right to file a motion for leave to supplement.  The parties similarly request that the Court set a status hearing after it issues its *Markman* ruling where these issues may be addressed with the Court.

** The dispositive motions filed in Florida do not comply with local rules and practice. The parties request leave to rely on these briefs as filed.

      7.    <u>Date of Discovery Completion</u>:  The parties' positions are set forth in Paragraph 5 above.

      8.    <u>Magistrate Judge Referral</u>: The parties do not agree to referral of the case to a magistrate judge.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

9.      <u>Bifurcation</u>: The parties do not presently believe that this case lends itself to bifurcation.

10.     <u>Pretrial Statement/Orders</u>: The parties agree that Pre-Trial Statements and Orders called for by Local Rules CR 16(e), (h), (i), and (l), and 16.1 should not be dispensed with in whole or in part.

11.     <u>Suggestions for Case Simplification or Shortening</u>: The parties will work cooperatively to identify any opportunities to streamline the case, including exploring the possibility of stipulating to any undisputed facts.

12.     Trial Readiness:

<u>Motorola's Position</u>

Motorola's position is that the parties have substantially completed discovery, claim construction briefing and dispositive motions in the Southern District of Florida, that the outstanding matters can be completed in accordance with the schedule suggested by Motorola in the table of Paragraph 6 above, and that the case could be ready for trial in August, 2012, as set forth in the table of Paragraph 6 above.

<u>Microsoft's Position</u>

Microsoft's position is that it is premature to evaluate trial readiness since there has not yet been a *Markman* hearing.  Microsoft suggests that the Court set a status hearing following the issuance of the *Markman* ruling, at which time the parties and the Court can discuss any necessary remaining pretrial activities and the setting of an appropriate trial date.

13.     <u>Jury Trial</u>: The parties have requested a jury trial for this action.

14.     <u>Trial Days</u>:

<u>Motorola's Position</u>

Motorola believes that the trial can be completed in 15 trial days.

<u>Microsoft's Position</u>

Microsoft believes that the trial is likely to consume a minimum of 30 full trial days.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1 | 15. <u>Name and address of all trial counsel</u>:

2

<u>For Plaintiff Motorola Mobility</u>

3

Philip S. McCune
*philm@summitlaw.com*

4

Lynn M. Engel
*lynne@summitlaw.com*

5

Summit Law Group PLLC

6

315 Fifth Avenue S, Suite 1000

7

Seattle, WA 98104
Phone: 206-676-7000

8

Jesse J. Jenner
*jesse.jenner@ropesgray.com*

9

Steven Pepe

10

*steven.pepe@ropesgray.com*
Khue V. Hoang

11

*khue.hoang@ropesgray.com*

12

Ropes & Gray LLP
1211 Avenue of the Americas

13

New York, NY 10036-8704
Phone: 212-596-9000

14

Mark Rowland

15

*mark.rowland@ropesgray.com*

16

Ropes & Gray LLP
1900 University Avenue, 6th Floor

17

East Palo Alto, CA  94303-2284
Phone:  650-617-4000

18

<u>For Defendant Microsoft Corporation</u>

19

Arthur W. Harrigan, Jr., WSBA #1751

20

*arthurh@dhlt.com*
Christopher Wion, WSBA #33207

21

*chrisw@dhlt.com*
Shane P. Cramer, WSBA #35099

22

*shanec@dhlt.com*
Danielson Harrigan Leyh & Tollefson LLP

23

999 Third Avenue, Suite 4400

24

Seattle, WA 98104
Phone: 206-623-1700

25

26

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

T. Andrew Culbert
425-706-6921
*andycu@microsoft.com*
David E. Killough
425-703-8865
*davkill@microsoft.com*
Microsoft Corp.
One Microsoft Way
Redmond, WA 98052

Brian R. Nester
*bnester@sidley.com*
David Pritikin
*dpritikin@sidley.com*
Douglas I. Lewis
*dilewis@sidley.com*
John W. McBride
*jwmcbride@sidley.com*
Richard Cederoth
*rcederoth@sidley.com*
Sidley Austin
One South Dearborn
Chicago, IL 60603
Phone: 312-853-7000

16.     Service: Defendant has been duly served with the Complaint.  Plaintiff has been served with the Counterclaims.

17.     Scheduling Conference: The parties do not anticipate the need for a scheduling conference at this time, but reserve the right to request such a conference if and when the need arises – *e.g.*, after the Court issues its *Markman* ruling.

18.     Initial Disclosures:  Although the Court's Order dated September 29, 2011 (ECF No. 306) set a deadline for Initial Disclosures to be filed on November 28, 2011, the parties request that this requirement be waived due to the posture of the case.

JOINT STATUS REPORT - 11
CASE NO. C11-01408-JLR

1    DATED this 28th day of November, 2011.

2                                        SUMMIT LAW GROUP PLLC

3

4                                        By /s/ Philip S. McCune
                                             Philip S. McCune, WSBA #21081
5                                            Lynn M. Engel, WSBA #21934
                                             *philm@summitlaw.com*
6                                            *lynne@summitlaw.com*

7                                        And by

8                                        Steven Pepe (*pro hac vice*)
                                         Jesse J. Jenner (*pro hac vice*)
9                                        Leslie M. Spencer (*pro hac vice*)
                                         Khue V. Hoang (*pro hac vice*)
10                                       Ropes & Gray LLP
                                         1211 Avenue of the Americas
11                                       New York, NY  10036-8704
                                         (212) 596-9046
12                                       *steven.pepe@ropesgray.com*
                                         *jesse.jenner@ropesgray.com*
13                                       *leslie.spencer@ropesgray.com*
                                         *khue.hoang@ropesgray.com*

14                                       Mark D. Rowland (*pro hac vice*)
15                                       Ropes & Gray LLP
                                         1900 University Avenue, 6th Floor
16                                       East Palo Alto, CA  94303-2284
                                         (650) 617-4030
17                                       *mark.rowland@ropesgray.com*

18                                       ***Attorneys for Plaintiff Motorola Mobility, Inc.***

19                                       DANIELSON HARRIGAN LEYH &
20                                       TOLLEFSON LLP

21

22                                       By /s/ Christopher Wion
                                             Arthur W. Harrigan, Jr., WSBA #1751
23                                           *arthurh@dhlt.com*
                                             Christopher Wion, WSBA #33207
24                                           *chrisw@dhlt.com*
                                             Shane P. Cramer, WSBA #35099
25                                           *shanec@dhlt.com*

26

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

T. Andrew Culbert, WSBA #35925
*andycu@microsoft.com*
David E. Killough, WSBA #40185
*davkill@microsoft.com*
Microsoft Corp.
One Microsoft Way
Redmond, WA  98052
425-882-8080

Brian R. Nester (*pro hac vice*)
*bnester@sidley.com*
Sidley Austin
1501 K Street NW
Washington DC  20005
202-736-8017

David T. Pritikin (*pro hac vice*)
*dpritikin@sidley.com*
Richard A. Cederoth (*pro hac vice*)
*rcederoth@sidley.com*
Douglas I. Lewis (*pro hac vice*)
*dilewis@sidley.com*
John W. McBride (*pro hac vice*)
*jwmcbride@sidley.com*
Sidley Austin
One South Dearborn
Chicago, IL  60603
312-853-7000

***Counsel for Defendant Microsoft Corporation***

JOINT STATUS REPORT - 13
CASE NO. C11-01408-JLR